IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 20-06-M-DWM |
| Plaintiff/Respondent, | CV 21-94-M-DWM |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| LANCE HOWARD GARETT, | |
| Defendant/Movant. | |

This matter comes before the Court on Defendant/Movant Lance Howard Garett's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Garett is a federal prisoner proceeding pro se.

In reviewing Garett's motion, the Court has refreshed its memory by consulting the court reporter's rough transcript of the change of plea and sentencing hearings. The United States will be required to order the transcripts for the Court's record and to provide copies to Garett. *See* 28 U.S.C. § 753(f).

**I. Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A

1

petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On February 6, 2020, Garett was indicted on one count of possessing 50 grams or more of methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 1); and one count of possessing a firearm in furtherance of drug trafficking, a violation of 18 U.S.C. § 924(c)(1)(A) (Count 2). The controlled substances in question consisted of 50 grams or more of actual methamphetamine and 100 grams or more of heroin. *See* Indictment (Doc. 1) at 2–3. Assistant Federal Defender Andrew Nelson was appointed to represent Garett. *See* Order (Doc. 12).

Based on the amount of methamphetamine[1] alleged, Garett faced a ten-year

---

[1] Garett faced the same penalty if convicted of possessing the amount of heroin alleged. *See* 21 U.S.C. § 841(b)(1)(A)(i).

mandatory minimum prison term if convicted on Count 1. *See* 21 U.S.C. § 841(b)(1)(A)(viii). If convicted on Count 2, Garett faced a five-year mandatory minimum term, consecutive to any sentence imposed on Count 1. *See* 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii).

On April 30, 2020, Garett appeared before the Court for a change of plea hearing. All parties and the Court were present in person. *See* Clerk's Notice (Doc. 22). Garett expressed doubt about whether he should proceed, stating at least once that he did not wish to plead guilty. He asserted that counsel should have challenged a traffic stop that led to his arrest. Ultimately, he chose to enter a guilty plea. Garett agreed that he told officers he fled from them on his motorcycle because he had guns and drugs in his backpack. He also agreed that one of the drugs consisted of more than 50 grams of actual methamphetamine. *See, e.g.*, Offer of Proof (Doc. 19) at 3. Garett pled guilty to Count 1 and Count 2.

The parties reviewed the draft presentence report before sentencing. Defense counsel objected that Garett should have four rather than five criminal history points, *see* Presentence Report (Doc. 35) ¶ 56; Addendum at 1 (Doc. 35 at 35), but the discrepancy did not alter the criminal history category. *See* U.S.S.G. ch. 5 Part A (Sentencing Table). Garett did not object to the "Offense Conduct" section of the report. Based on the plea colloquy and the presentence report, *see* Presentence Report ¶ 25, Garett knew the sentence on Count 2 would be at least

five years consecutive to the sentence imposed on Count 1.

At sentencing, the Court found Garett's base offense level was 30. Based on his reckless and dangerous conduct in fleeing on his motorcycle, he received a two-level upward adjustment under U.S.S.G. § 3C1.2. He received a three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. His total offense level was 29 and the criminal history category was III. The advisory guideline range was 120 to 135 months. *See* Statement of Reasons (Doc. 34) at 1 §§ I(A), III; Presentence Report ¶¶ 23–35, 62. With a three-level downward departure as detailed in the Statement of Reasons, *see id.* at 2 § V, the final advisory guideline range was 78 to 97 months. Garett was sentenced to serve 84 months on Count 1, followed by a 60-month consecutive term on Count 2, for a total prison term of 144 months, to be followed by five years' supervised release. *See* Judgment (Doc. 33) at 2–3.

Garett did not appeal. His conviction became final on September 23, 2020. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his motion under 28 U.S.C. § 2255 on July 29, 2021. *See* Mot. § 2255 (Doc. 39); *see also* Order (Doc. 40); Mot. to Recharacterize (Doc. 41); Order (Doc. 42); *Castro v. United States*, 540 U.S. 375, 377 (2003); 28 U.S.C. § 2255(f)(1).

### III. Claims and Analysis

Garett claims that counsel was ineffective in various respects. These claims

are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Garett must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694. In the context of a guilty plea, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### A. Suppression Motion

First, Garett contends that counsel should have filed a motion to suppress. *See* Mot. § 2255 (Doc. 39) at 2. He asserts that an officer initially pulled over to let him pass and then claimed that Garett failed to use his turn signals, "causing him to pull me over." *Id*. at 2.

The Court does not know exactly what happened in the course of the traffic stop, but the record shows there is no need to find out. Garett admitted fleeing at very high speeds from an officer who was attempting to stop him. Even if the initial interaction between Garett and law enforcement was not supported by reasonable suspicion, Garett's reckless flight justified a stop and arrest. When Garett crashed the motorcycle, he fled on foot. An officer saw him holding and

then dropping one firearm. Garett was later Mirandized and gave consent to search his backpack, which contained the drugs and guns underlying Counts 1 and 2 of the indictment. *See* Offer of Proof (Doc. 19) at 3; Presentence Report ¶¶ 8–13; Addendum at 1–2 (showing no objection to Offense Conduct).

Garett does not identify anything unreasonable about counsel's decision not to challenge the validity of the search or seizure. Further, as the plea colloquy shows, Garett knew he could have filed a suppression motion and was pleading guilty without having done so. Garett might have chosen to stand trial, but his choice to plead guilty was knowing, voluntary, and intelligent. *See, e.g.*, *Tollett v. Henderson*, 411 U.S. 258, 267–68 (1973).

Neither prong of the *Strickland* test is met. This claim is denied.

### B. Advice Regarding Sentence

Garett contends that counsel told him he could not "speak directly to the judge about my concerns" and that pleading guilty was "the only way to go in order to achieve a lower sentence term." He adds that counsel told him that Garett had said "enough" to obtain an advantage at sentencing that was "supposed to help me." Mot. § 2255 at 3.

These statements by counsel were correct. Judges are not involved in defendants' decisions to plead guilty. *See, e.g.*, Fed. R. Crim. P. 11(c)(1). Pleading guilty nearly always results in an offense level three levels lower than

would be the case for a defendant convicted at trial. *See* Presentence Report ¶¶ 33–34. Garett received a total six-level downward departure. Had he been convicted at trial, he likely would have received only a three-level downward departure. The guideline range would have been 120 to 135 months plus a consecutive 60 months, and Garett likely would have been sentenced to 15 or 16 years rather than 12 years.

Garett's allegations identify no unreasonable aspect of counsel's performance and no realistic prospect of a better outcome. Neither prong of the *Strickland* test is met. These statements by counsel do not support a claim for relief.

### C. "Under 120 Months"

Finally, Garett asserts that counsel promised to "object and 'cause a scene'" if Garett did not get less than 120 months. He asserts that his sentence, 144 months, is "far greater than was ever suggested to me." Mot. § 2255 at 4.

At the change of plea hearing, Garett was unequivocally advised that he faced a mandatory minimum prison term of 15 years and a maximum of life in prison. To say that his actual sentence was "far greater" than he ever thought it would be indicates a memory lapse about the consecutive nature of the sentence on Count 2. As noted above, Garett did, in fact, receive a sentence under 120 months on Count 1. *See* Judgment at 2. His total sentence is three years less than the total

applicable statutory mandatory minimum.

Assuming the truth of Garett's doubtful allegation that counsel promised him a total sentence under ten years, the promise was unrealistic and unreasonable. Neither Garett nor the record of the case hint at a potentially viable defense to the charges. Garett was convicted and sentenced for drugs and firearms in his personal possession at the time of his arrest. He did not qualify for relief under the safety valve because he possessed a firearm in connection with the offense. *See* 18 U.S.C. § 3553(f)(2).

But for precisely the same reasons, any unreasonable promise by counsel did not prejudice Garett. The mere fact that counsel promises a specific sentence does not entitle the defendant to that sentence. There is no reason to believe that Garett had a realistic chance of a more favorable sentence than the one he received. And there is no reason that Garett would have opted for trial if counsel had told him he might receive a sentence of 12 years instead of a sentence of 15 or 16 years.

**D. Amendment**

The Court has considered whether Garett should have an opportunity to amend his § 2255 motion. But the problem is not that he omitted crucial elements of a claim or that these omissions might be cured by identifying additional facts. His allegations do not support a claim for relief. Had he prevailed on a motion to suppress, he would have been acquitted at trial, as all of the evidence against him

came from the traffic stop and arrest. But there is no realistic prospect he could have prevailed on such a motion. Neither the record of the case nor Garett's allegations support an inference that counsel might have missed something vital or failed to recognize a path to a lower sentence. Amendment would not cure the motion's defects.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

As the parties acknowledged at sentencing, the gravity of Garett's 144-month federal sentence had no precedent in his extensive criminal record. But he engaged in serious and dangerous conduct and was caught red-handed in possession of a large quantity of pure methamphetamine as well as firearms. The record shows Garett knew he could file a suppression motion and knew he was

9

foregoing it by pleading guilty. Further, Garett does not identify any reasonable prospect of support for a suppression motion. Garett identifies no reasonable or realistic prospect of a better outcome than the below-guidelines and below-statute sentence he actually received. And Garett had a full and fair opportunity to present all the claims he wanted the Court to consider. *See* Order (Doc. 40) at 2.

Reasonable jurists would not encourage further proceedings. A COA is not warranted.

Accordingly, IT IS ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the change of plea hearing, held April 30, 2020, and the sentencing hearing, held September 9, 2020, are needed to decide the issues Garett presents.

2. The United States shall immediately order the transcripts of those hearings for the Court's file and shall deliver copies to Lance Howard Garett, BOP # 17956-046, FDC Seatac, Federal Detention Center, P.O. Box 13900, Seattle, WA 98198.

3. Garett's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 39, 41) is DENIED.

4. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Garett files a Notice of Appeal.

5. The clerk shall ensure that all pending motions in this case and in CV 21-

94-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Garett.

DATED this __7th__ day of March 2022.

                                          _____  12:43 PM
                                          Donald W. Molloy
                                          United States District Court